IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

ROBERT CUNNINGHAM,

      Plaintiff,

v.                                                                                                          No. 1:20-cv-00263-WJ-SCY

STATE OF MASSACHUSETTS, et al.,

      Defendants.

## MEMORANDUM OPINION AND ORDER OF DISMISSAL

**THIS MATTER** comes before the Court on Plaintiff's failure to comply with the Court's Order setting a deadline to file an amended complaint. *See* Doc. 10, filed May 19, 2020.

The Court notified *pro se* Plaintiff that his Complaint failed to state a claim because it did not state with particularity what each Defendant did to Plaintiff and granted Plaintiff leave to file an amended complaint.[1]  *See* Doc. 6, filed March 25, 2020.

Plaintiff requested an extension of 60 days to file his amended complaint "due to the current Corona-Virus condition in the country … [and] to get the necessary paperwork." Doc. 7, filed April 15, 2020.  The Court granted Plaintiff a 30-day extension and notified Plaintiff that failure

---

[1] Furthermore, this Court does not have personal jurisdiction over Defendant State of Massachusetts.  *See Far West Capital, Inc. v. Towne*, 46 F.3d 1071, 1074 (10th Cir. 1995). ("The general constitutional test for personal jurisdiction is well-established. A federal court sitting in diversity may exercise personal jurisdiction over a nonresident defendant only so long as there exist 'minimum contacts' between the defendant and the forum State").

Plaintiff also seeks damages from Defendant State of Massachusetts but has not shown that Defendant State of Massachusetts has waived its sovereign immunity.  "With certain limited exceptions, the Eleventh Amendment prohibits a citizen from filing suit against a state in federal court." *Ruiz v. McDonnell*, 299 F.3d 1173, 1180 (10th Cir. 2002).  There are "two primary circumstances in which a citizen may sue a state without offending Eleventh Amendment immunity. Congress may abrogate a state's Eleventh Amendment immunity … [or a] state may … waive its Eleventh Amendment immunity and consent to be sued." *Id.* at 1181.  Plaintiff has not shown that either exception applies in this case.

to timely file an amended complaint may result in dismissal of this case. *See* Doc. 8, filed April 16, 2020.

Plaintiff then requested an indefinite continuance stating he has submitted 18 Freedom of Information Act requests "to identify the principals responsible for various actions taken by the State and Federal agencies," and that "it may take weeks to months to provide me with the information requested." Doc. 9, filed May 14, 2020.

The Court denied Plaintiff's request for an indefinite continuance stating that allegations supporting claims for relief may be made on information and belief, and that Plaintiff is not obligated to plead evidence in the amended complaint and may set forth allegations that will likely have evidentiary support after a reasonable opportunity for further investigation or discovery. *See* Doc. 10, filed May 19, 2020. The Court granted Plaintiff two-weeks to file an amended complaint and notified Plaintiff that failure to timely file an amended complaint may result in dismissal of this case. Plaintiff did not file an amended complaint by the June 2, 2020, deadline.

**IT IS ORDERED** that this case is **DISMISSED without prejudice.**

_____
**CHIEF UNITED STATES DISTRICT JUDGE**